IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TREVOR AARONSON**<br>9231 124th Street<br>Seminole, FL 33772<br><br>    Plaintiff,<br> v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530<br><br>and<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>935 Pennsylvania Avenue N.W.<br>Washington, D.C. 20535<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

  Trevor Aaronson ("Plaintiff" or "Mr. Aaronson"), by and through undersigned counsel, hereby alleges as follows:

  1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought against the Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") (collectively, "Defendants").

  2. By this action, Plaintiff seeks to compel Defendants to comply with their statutory obligations under FOIA to release requested records concerning the FBI's practice of

impersonating members of the media. Plaintiff is statutorily entitled to disclosure of these records, which Defendants have improperly withheld in violation of FOIA.

## PARTIES

3. Plaintiff Trevor Aaronson is an award-winning journalist whose work has appeared in numerous outlets including The Intercept, Mother Jones, Reveal, the Miami Herald, and The New York Times. He resides in Florida.

4. Defendant Department of Justice is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control over the records that Plaintiff seeks. The DOJ's headquarters are located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

5. Defendant Federal Bureau of Investigation is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702, and is a component of the Defendant DOJ, that has possession, custody, and/or control of the records that Plaintiff seeks. The FBI's headquarters is located at 935 Pennsylvania Avenue N.W., Washington, D.C. 20535.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Plaintiff's FOIA Request to FBI

8. On July 8, 2024, Mr. Aaronson submitted a FOIA request to the FBI via foia.gov (the "Request"). A true and correct copy of the Request is attached hereto as **Exhibit A** and is incorporated by reference herein.

9. The Request sought the following records:

   1) "All emails in the FBI's classified and unclassified email systems to, from, copying, or blind copying the email address hsg@getwitz.com, from January 1, 2020 to present;"
   2) "All emails in the FBI's classified and unclassified email systems to, from, copying, or blind copying any email address ending in @getwitz.com, from January 1, 2020 to present;"
   3) "All contracts between the FBI and the entity Gettleson, Witzer, & O'Connor, from January 1, 2020 to present;"
   4) "All contracts between the FBI and Lexington Financial Management, LLC, from January 1, 2020 to present;"
   5) "All emails sent from or received by the email account brent@longbowriverproductions.co.uk, from January 1, 2020 to present. Please note it is my understanding that the FBI owns and has access to this account;"
   6) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "Longbow River Productions," from January 1, 2020 to present;"
   7) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "longbowriverproductions.co.uk," from January 1, 2020 to present;"
   8) "All communications sent to the Undercover Review Committee ("UCRC") notifying it of the approval of the FBI's representing, posing, or claiming to be a member of or a documentary film crew associated with or consisting of Longbow River Productions;"
   9) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "eaglewayentertainment.com," from January 1, 2020 to present;"
   10) "All communications sent to the UCRC notifying it of the approval of the FBI's representing, posing, or claiming to be a member of or a documentary film crew associated with or consisting of Eagle Way Entertainment;"
   11) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "Eagle Way Entertainment," from January 1, 2020 to present;"

3

12) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "Eagle Way Productions," from January 1, 2020 to present;"
13) "All communications sent to the UCRC notifying it of the approval of the FBI's representing, posing, or claiming to be a member of or a documentary film crew associated with or consisting of Eagle Way Productions;"
14) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "Slyce Productions," from January 1, 2020 to present;"
15) "All communications sent to the UCRC notifying it of the approval of the FBI's representing, posing, or claiming to be a member of or a documentary film crew associated with or consisting of Slyce Productions;"
16) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "Lionsheart Productions," from January 1, 2020 to present;"
17) "All communications sent to the UCRC notifying it of the approval of the FBI's representing, posing, or claiming to be a member of or a documentary film crew associated with or consisting of Lionsheart Productions;"
18) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "Palestinian TV," from January 1, 2020 to present;"
19) "All communications sent to the UCRC notifying it of the approval of the FBI's representing, posing, or claiming to be a member of or a documentary film crew associated with or consisting of Palestinian TV;"
20) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "Parlance Productions," from January 1, 2020 to present;"
21) "All communications sent to the UCRC notifying it of the approval of the FBI's representing, posing, or claiming to be a member of or a documentary film crew associated with or consisting of Parlance Productions;"
22) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention

        or reference "Minster Park Productions," from January 1, 2020 to present;"

23) "All communications sent to the UCRC notifying it of the approval of the FBI's representing, posing, or claiming to be a member of or a documentary film crew associated with or consisting of Minster Park Productions;"

24) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "Manor Lake Productions," from January 1, 2020 to present;"

25) "All communications sent to the UCRC notifying it of the approval of the FBI's representing, posing, or claiming to be a member of or a documentary film crew associated with or consisting of Manor Lake Productions;"

26) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference "HR Noops," from January 1, 2020 to present;"

27) "All emails in the FBI's classified and unclassified email systems, as well as all records in the Central Records System, that mention or reference phone number (409) 265-5715, from January 1, 2020 to present;"

28) "All records mentioning or referring to the name "Brent Tyler," which is a pseudonym for a member of the FBI, from January 1, 2020 to present."

Ex. A.

    10.    In the Request, Plaintiff sought a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). Ex. A.

    11.    The Request complied with all applicable DOJ and FBI regulations regarding the submission of FOIA requests.

### The FBI's Responses to the Request

    12.    By three letters dated July 18, 2024 the FBI acknowledged the Request and/or portions thereof, and denied portions of the Request.

13. The FBI's first July 18, 2024 letter appears to correspond to some item(s) of the Request, which it assigned tracking number NFP-162944. A true and correct copy of that letter is attached hereto as **Exhibit B.**

14. The FBI's first July 18, 2024 letter stated, *inter alia*, that the Request was "overly broad" and advised Plaintiff that he could file an administrative appeal. Ex. B.

15. The FBI's second July 18, 2024 letter appears to correspond to some item(s) of the Request, which it assigned tracking number NFP-162945. A true and correct copy of that letter is attached hereto as **Exhibit C**.

16. The FBI's second July 18, 2024 letter stated, *inter alia*, that the Request was "too vague" and advised Plaintiff that he could file an administrative appeal. Ex. C.

17. The FBI's third July 18, 2024 letter appears to correspond to some item(s) of the Request, which it assigned tracking number 1640993-000. A true and correct copy of that letter is attached hereto as **Exhibit D**.

18. The FBI's third July 18, 2024 letter states, *inter alia*, that "You also requested information regarding one or more third parties. Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C)," and advised Plaintiff that he could file an administrative appeal. Ex. D.

19. By letter dated July 23, 2024, which referenced tracking number 1640993-000, the FBI stated that it was "unable to identify records subject to the FOIPA [sic] that are responsive to your request" and therefore it "is being closed." A true and correct copy of that letter is attached hereto as **Exhibit E**.

20. The FBI's July 23, 2024 letter advised Plaintiff he could file an administrative appeal. Ex. E.

**Plaintiff's Administrative Appeal**

21. On October 3, 2024, Plaintiff, through counsel, administratively appealed the FBI's responses and/or lack of response to the Request. A true and correct copy of Plaintiff's administrative appeal (the "Appeal"), without exhibits, is attached hereto as **Exhibit F** and is incorporated by reference herein.

22. By letter dated October 3, 2024, and two letters dated October 7, 2024, the DOJ acknowledged receipt of Plaintiff's Appeal. True and correct copies of those letters are attached hereto as **Exhibits G, H, and I**.

23. As of the filing of this Complaint, no further information or communication from Defendants concerning the Request or Plaintiff's Appeal has been received by Plaintiff or his counsel.

24. As of the filing of this Complaint, Plaintiff has received no records or portions thereof in response to his Request.

25. As of the filing of this Complaint, Plaintiff's Request has been pending for approximately 130 days.

**CAUSES OF ACTION**

**COUNT I: VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES**

26. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 25 as though fully set forth herein.

27. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

28. Plaintiff's Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

29. Plaintiff's Request complied with all applicable regulations regarding the submission of FOIA requests.

30. Plaintiff properly administratively appealed following the FBI's responses and/or lack of response to the Request. *See* Ex. F.

31. Defendants have failed to make a timely determination with respect to Plaintiff's Appeal within FOIA's twenty-day statutory deadline, which violates their obligations under FOIA. U.S.C. § 552(a)(6)(A).

32. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II: VIOLATION OF FOIA FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

33. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 25 as though fully set forth herein.

34. Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

35. Plaintiff's Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

36. Plaintiff's Request complied with all applicable regulations regarding the submission of FOIA requests.

37. Defendants have not released any records or portions thereof in response to Plaintiff's Request.

38. Defendants have failed to identify whether or how disclosure of the records sought by Plaintiff's Request would foreseeably harm an interest protected by a FOIA exemption.  5 U.S.C. § 552(a)(8).

39. Records responsive to the Request are required to be released under FOIA.

40. Defendants have improperly withheld records responsive to Plaintiff's Request in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

41. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

### COUNT III: FAILURE TO CONDUCT A SUFFICIENT SEARCH

42. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 25 as though fully set forth herein.

43. Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

44. Plaintiff's Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

45. Plaintiff's Request complied with all applicable regulations regarding the submission of FOIA requests.

46. Defendants failed to conduct an adequate search for records responsive to the Request.

47. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1) order Defendants to conduct a search reasonably calculated to identify all records responsive to Plaintiff's Request and to immediately disclose, in their entirety, all records responsive to Plaintiff's Request that are not specifically exempt from disclosure under FOIA;

2) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

3) issue a declaration that Defendants' failure to provide a timely determination in response to the Request violates its obligations under FOIA;

4) enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to Plaintiff's Request;

5) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6) grant such other relief as the Court may deem just and proper.

Dated: November 15, 2024

          Respectfully submitted,

          /s/ Adam Marshall
          Adam A. Marshall
          D.C. Bar No. 1029423
          Email: amarshall@rcfp.org
          Katie Townsend
          D.C. Bar No. 1026115
          Email: ktownsend@rcfp.org
          Gunita Singh
          D.C. Bar No. 1601923
          Email: gsingh@rcfp.org
          REPORTERS COMMITTEE FOR
          FREEDOM OF THE PRESS
          1156 15th St. NW, Suite 1020
          Washington, D.C. 20005
          Phone: 202.795.9303
          Facsimile: 202.795.9310

          *Counsel for Plaintiff*